Sharon Mae DAVIS, Plaintiff
and Respondent,

v.

Charles Francis DAVIS, Defendant
and Appellant.

No. 18077.

Supreme Court of Utah.

Sept. 22, 1982.

Henry S. Nygaard, Salt Lake City, for defendant and appellant.

Paul H. Liapis, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

This is an appeal by the defendant Charles Francis Davis from a decree of divorce entered in an action brought against him by his wife, Sharon Mae Davis, plaintiff. He challenges the division of property made by the trial court.

The parties were married on March 5, 1974. Both had been previously married. Plaintiff gave up a $150 per month alimony award from her previous divorce when she married the defendant. The plaintiff had three children by her first marriage and she, the children and the defendant lived together in a house which she owned at the time of her marriage to the defendant. The plaintiff was employed during the last two years of the marriage and at the time of trial was earning $687 net per month. She also received child support from her former husband.

No children were born to the parties. During the six years they lived together they expended substantial amounts of money to improve the house. The defendant paid the plaintiff's former husband $1,300 to satisfy a lien he held on the property. Although the plaintiff disputed it, he claimed that he further invested in it money which he had received as an inheritance from his mother's estate, as well as money he received from a personal injury settle-

ment. There is no dispute that shortly before the separation of the parties they obtained a second mortgage loan to remodel part of the house and to make an addition of 450 square feet. The balance on that mortgage at the time of trial was $15,876.27. The monthly payments were $345.

Prior to their marriage, the defendant in 1967 purchased under contract four one-half acre lots in New Mexico for $6,200. Three-fourths of that price was paid prior to the marriage in 1974 and the balance of the contract was paid from their joint account during the marriage.

The trial court apparently concluded from the evidence that the equity of the parties in the house had increased $23,000 during the marriage. It awarded the defendant one-half of that equity ($11,500) plus one-half of any increase which may accrue in the future due to inflation and made that award payable when the plaintiff remarried, sold the property or her youngest child attained the age of 18 years. The court further ordered the defendant to pay to the plaintiff $420 per month alimony until such time as the second mortgage had been paid in full, and ordered that he maintain sufficient insurance on his life to insure payment of the mortgage balance in the event of his death. An order was made that the parties sell the New Mexico lots and divide the proceeds between them as follows: One-third to plaintiff and two-thirds to defendant.

The defendant's main contention is that it was inequitable for the trial court to deny him any interest in the increased equity in the house which will result by virtue of his paying alimony designed to cover the amount of the second mortgage payment. Defendant refers us to the Conclusions of Law in which the trial judge took the monthly payment on the second mortgage of $345 and added to it $75 for the general support of the plaintiff, and then ordered the defendant to pay a total of $420 each month to her, terming it alimony.

■ We agree that this financial arrangement on the house was inequitable. The trial court properly awarded the defendant one-half of the equity in the property at the time of trial plus one-half of any increase accruing in the future due to inflation. It wisely provided that such equity should not be payable to the defendant until plaintiff should remarry, sell the property, or until her youngest child attained the age of 18 years. This provision assured the plaintiff and her children a place to live. But after having done that, the trial court upset the equity of that division by requiring the defendant to make a further substantial investment in the property without any corresponding benefit to him. When the amount of the life insurance premiums and the interest on the second mortgage balance are added to the mortgage balance, the defendant will be required to make post decree payments totalling an amount nearly double the equity awarded to him. This was unfair to him and weighted the division of the property heavily in the plaintiff's favor. Fairness dictates that he should realize something out of the increased equity which will result from his providing the funds to retire the second mortgage. The unfairness is evident when it is considered that all the proceeds of the second mortgage loan went into the improvement of the house. Also, he has no right to possession. It should also be noted that he was ordered to pay approximately $9,000 of debts and $1,000 attorney's fees for his wife. The decree should be amended to allow the defendant's participation to the extent of one-half in the increased equity brought about by the reduction of or retirement of the second mortgage.

■ We find no error in the division of the New Mexico property. Although it was contracted for and partially paid for prior to the marriage, a substantial number of the monthly payments were made after the marriage. We find it to be within the ambit of discretion of the trial court to award the plaintiff one-third of that property and two-thirds to the defendant.

Remanded to the trial court to amend the decree in conformance with this opinion. Each party to bear his or her own costs.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.